Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The Form 21 Agreement, having been approved by the Commission, constitutes an Award of the Commission and as such, it is part of the evidence of record. In addition, the parties through counsel stipulated at the hearing before the deputy commissioner that plaintiff was out of work from June 1, 1992 to September 18, 1992. Subsequent to the hearing, the parties stipulated into evidence two pages of records of the Arrowood Clinic.
* * * * * * * * * * *
Based upon all of the competent, credible evidence of record and the reasonable inferences therefrom, the Full Commission makes the following
FINDINGS OF FACT
1. Plaintiff, who is 55 years old, began working for defendant employer in 1960 as a trainee machinist and later, he worked as a machinist in which job he remained employed in March 1992.
2. While lifting a heavy engine lathe chuck on March 20, 1992, plaintiff experienced a burning sensation in his left lower abdominal region. He thereafter noticed a bulge in that region.
3. After examination by Dr. Jordan on March 20, 1992, plaintiff was referred to a surgeon for treatment of a left inguinal hernia. When seen by Dr. Godwin, Jr., a general surgeon, on March 25, 1992, plaintiff complained of pain in the left inguinal region and a bulge which began after lifting heavy equipment at work. Physical examination was normal except for a left inguinal bulge which was moderate in size and was reducible, and there was mild pain in the left inguinal area. Dr. Godwin did not thoroughly evaluate plaintiff for any pain below the inguinal ligament which is in the upper thigh area. Plaintiff's complaint of pain in the left inguinal region, which is the groin area, was in the region where the L3 nerve goes.
4. Pursuant to a Form 21 Agreement dated April 3, 1992 and which was approved by the Commission on April 21, 1992, defendants admitted liability for the hernia due to the injury by accident of March 20, 1992 and undertook to pay plaintiff workers' compensation benefits.
5. On April 10, 1992 Dr. Godwin surgically repaired the hernia. Postoperatively, the hernia and incision sites healed well but plaintiff continued to complain of a good bit of pain in the three incisional sites in the left lower abdominal region with shooting pains down the left upper thigh. Dr. Godwin was unsure why plaintiff continued to have this discomfort and assumed it was due to the surgical repair. After the hernia operation, plaintiff remained on his back in bed for about three weeks except for trips to the bathroom. Thereafter, he began walking around and continued to experience numbness and pain going down his left leg to immediately below the kneecap which became progressive.
6. On or about April 30, 1992 while he was still convalescing from the hernia surgery, plaintiff reached overhead and extended his body in order to prune some roses whereupon he experienced pain in the left lower back which went down his left leg. Plaintiff's movements in pruning the roses constituted, unbeknownst to plaintiff, a positive femoral stretch test for an L3-4 herniated disc. Soon thereafter, plaintiff took some roses to personnel at defendant employer where he was observed to be limping.
7. Plaintiff thereafter continued to experience pain and numbness down the left lower extremity, including interior left-thigh pain, and on or about May 16, 1992, he experienced the abrupt occurrence of "disabling pain in the left lower back radiating down the left lower extremity" upon getting out of a chair at home and leaning forward and pushing himself up on the arms of the chair. Plaintiff's history was suggestive of a herniated disc and upon examination on May 19, 1992 by Dr. Ranson, he was referred to an orthopedic surgeon.
8. Following examination by Dr. Buter, an orthopedic surgeon, on June 2, 1992, plaintiff was referred for a CT scan because of a probable left lumbar disc herniation. Subsequent CT scan was suggestive of a lesion at L3-L4 on the left and following examination on June 4, 1992 by Dr. Wood, an orthopedic surgeon who was an associate of Dr. Buter, plaintiff was referred for an MRI which was thereafter performed and revealed a lesion at L3-4 which was a large free fragment of disc herniation which had migrated to the left in a cephalad (upwards) direction.
9. On August 6, 1992 Dr. Wood performed surgery for treatment of the herniated disc at L3-4 with free disc fragment in front of the body of L3 and with compression of the L3 nerve. Postoperatively, plaintiff has experienced very little pain.
10. As a result of the accident which occurred on March 20, 1992, plaintiff sustained a herniated disc at L3-4 in addition to the admittedly compensable left inguinal hernia. Both of said diagnoses are compatible with the same symptom complex and with the injury that plaintiff sustained. Plaintiff's complaint of left inguinal pain beginning on March 20, 1992 and continuing thereafter up to his back surgery is consistent with both a left inguinal hernia and an L3-4 herniated disc. It was not unusual for plaintiff not to experience significant back pain following the March 20, 1992 injury by accident inasmuch as groin and thigh pain, rather than back pain, herald an L3-4 herniated disc and because most doctors, like Dr. Godwin, don't treat L3-4 herniated discs, they would not recognize that symptom as potentially being due to not only an inguinal hernia but also a herniated disc at L3-4. Both of said conditions existed concurrently in this case. While there may be back pain with an L3-4 herniated disc, it's more likely that there will be groin and thigh pain. The lifting in which plaintiff engaged on March 20, 1992 is the more likely cause of the herniated disc than is his pruning roses overhead on or about April 30, 1992.
11. As a result of the L3-4 herniated disc plaintiff sustained by reason of the injury by accident of March 20, 1992, he was rendered unable to earn any wages in any employment from June 1, 1992 to September 18, 1992. He obtained the end of the healing period from said back injury and the treatment rendered therefore on September 15, 1992 and he retains ten percent permanent partial impairment of the back due to said accident.
* * * * * * * * * * * *
Based upon the foregoing findings of fact the Full Commission makes the following additional
CONCLUSIONS OF LAW
1. As a result of the injury by accident of March 20, 1992, plaintiff sustained an L3-4 herniated disc which rendered him totally disabled from June 1, 1992 to September 18, 1992 and for which he is entitled to compensation at the rate of $313.62 during said period. G.S. § 97-29.
2. Plaintiff reached the end of the healing period from the injury by accident giving rise hereto on September 15, 1992 and as a result of said accident, he retains ten percent permanent partial impairment of the back for which he is entitled to compensation at the rate of $313.62 per week for a period of 30 weeks commencing on September 18, 1992. G.S. § 97-31(23).
* * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Subject to counsel fee hereinafter approved, defendants shall pay to plaintiff compensation at the rate of $313.62 per week from June 1, 1992 to September 18, 1992 and for a period of 30 weeks commencing on September 18, 1992. All of said compensation having accrued, it shall be paid in a lump sum without commutation.
2. A reasonable attorney fee in the amount of $3,584.00 of the compensation benefits payable herein is hereby approved for plaintiff's attorney. Said attorney fee shall be paid out of the accrued benefits.
3. Defendants shall pay all medical expenses incurred by plaintiff as a result of the injury by accident giving rise hereto when bills for the same have been submitted through the defendant-carrier to the Industrial Commission and approved by the Commission.
4. Defendants shall pay the costs, including an expert witness fee in the amount of $185.00 to Dr. Winston Godwin, Jr. and in the amount of $250.00 to Dr. Kenneth Wood.
 S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ________________________ THOMAS J. BOLCH COMMISSIONER
S/ ________________________ COY M. VANCE COMMISSIONER
BSB:md